FILED SCRANTON

OCT 2 3 2015

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ARI BAILEY, :
:
    Petitioner : CIVIL NO. 3:CV-15-1553
:
v. : (Judge Conaboy)
:
WARDEN EBBERT, :
:
    Respondent :

## MEMORANDUM
### Background

    This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Ari Bailey, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). The Petition is accompanied by an in forma pauperis application which will be granted for the sole purpose of the filing of the petition with this Court. Named as Respondent is USP-Lewisburg Warden Ebbert.

    Petitioner states that he is presently serving a 1994 sentence imposed by the Superior Court for the District of Columbia. However, Bailey's pending action does not challenge the legality of his conviction or sentence. Rather, his Petition seeks relief with respect to a February 17, 2015 disciplinary proceeding at his prior place of confinement, the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood). See Doc. 1, p. 2.

Bailey indicates that while confined at USP-Allenwood he was issued a misconduct on or about February 6, 2015 by S. Anthony for failure to timely provide a requested urine sample.[1] According to the Petition, an investigation into the matter was subsequently suspended the following day and the misconduct charge was thereafter rewritten.

Petitioner asserts that his due process rights were violated because the underlying rewritten misconduct report was served on him "five (5) days late" without any good cause memorandum by the Warden. Id. Bailey additionally contends that the presiding Disciplinary Hearing Officer Todd Cerney was biased and failed to review exculpatory surveillance camera footage. It is also alleged that the misconduct charge was falsified and issued in retaliation for Bailey's prior initiation of litigation and grievances against prison officials. After being found guilty of the charge, Petitioner asserts that he was sanctioned to a term of segregated confinement in the USP-Lewisburg Special Management Unit (SMU) and his parole eligibility was adversely affected because his inmate status was reclassified.[2] The Petition further maintains

---

[1] Exhibits attached to the Petition provide that although Petitioner eventually provided an untimely urine sample it was an insufficient amount.

[2] Attached to the Petition is an affidavit by Bailey which asserts that all USP-Lewiburg SMU inmates are served food which is laced with the anti-psychotic drugs including Thoarzine. See id.

2

that Bailey was prevented from exhausting his available administrative remedies.

### Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

    As noted above, the allegations set forth in the Petition do not include a challenge to the legality of Bailey's present incarceration. Petitioner does not claim that he was sanctioned to a loss of good time credits during the challenged disciplinary proceedings or that the misconduct charge by prison officials otherwise extended the length of his confinement. Based upon a review of the Petition, there is no basis for a

determination that Bailey is claiming entitlement to speedier or immediate release from custody.

Thus, based upon Bailey's present petition and attached exhibits it is not apparent that the purported constitutional misconduct adversely affected the fact or duration of Bailey's incarceration. See Fiore v. Lindsay, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison discipline other then a loss of good time credit may not be pursued under § 2241); Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241).

Accordingly, "habeas corpus is not an appropriate or available federal remedy" with respect to said claims. See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). An appropriate Order will enter.[3]

RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 23rd 2015

---

[3] If Petitioner can show that he was sanctioned to a loss of good conduct time, or that the period of his incarceration was somehow actually extended as a result of the misconduct proceedings, he may file a request for reconsideration within fourteen (14) days of the date of this Memorandum.

5